**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **PSW, INC., d/b/a PSW BILLING,**<br>**Plaintiff,** | : | |
| **v.** | : | **C.A. No. 04-347-T** |
| **VISA U.S.A., INC., MASTERCARD INTERNATIONAL INCORPORATED, FIRST FINANCIAL BANK, and FIRST DATA MERCHANT SERVICES CORPORATION,**<br>**Defendants** | : | |

**PLAINTIFF'S MOTION TO EXCEED PAGE LIMIT IN A COMBINED MEMORANDUM OF LAW IN OPPOSITION TO THE MEMORANDA OF LAW FILED BY THE DEFENDANTS IN SUPPORT OF THEIR MOTIONS TO DISMISS**

Now comes Plaintiff PSW, Inc. and does hereby move this Honorable Court for leave to exceed the 20 page limit for its memorandum of law in opposition to the various memoranda of law filed by the Defendants in support of their Motions to Dismiss in the above cited matter, to allow Plaintiff to adequately and efficiently respond to the Defendants' contentions in a combined memorandum of law not to exceed 45 pages[1], and as grounds therefore and in support thereof, Plaintiff states as follows:

1. That additional pages are required in light of the *numerous issues* raised in the various Memoranda filed by the Defendants to dismiss *all eleven counts* of the First Amended Complaint;
2. Defendants MasterCard and Visa were granted page increases not to exceed 30 pages;
3. The page increase is necessary to allow the Plaintiff to file a combined memorandum of law to permit a just, speedy and efficient determination of the pending motions for the

[1] Plaintiff cannot say with precision at this time the *exact* number of pages it will need to efficiently and effectively respond to the Defendants' motions to dismiss. However, Plaintiff previously drafted a 40 page combined memorandum response to the Defendants' prior motions to dismiss. In light of the additional allegations in the First Amended Complaint and the *Bivens* First Amendment count, Plaintiff estimates it may need more pages to respond than in its previous combined memorandum. It is probable that the final combined memorandum response to the pending motions will be less than the maximum pages requested, but it will not exceed that requested. ***In any event the total pages sought is significantly less*** than the 80 pages (minimum) total the Plaintiff would need and be entitled to submit (assuming it were granted the same increases requested by Defendants MasterCard and Visa) if it filed separate memoranda.

convenience and in the interests of all the parties and the Court for the following reasons:

a. The filing of a combined memorandum of law will allow Plaintiff to eliminate substantial and unnecessary redundancy, insofar as the introduction and summary of the claims, material facts, issues, standard of review, and elements of each of the Plaintiff's claims are the same, as are Plaintiff's responses to most of the joint issues raised by the Defendants;

**b. Particularly insofar as Plaintiff is alleging liability primarily on the basis of the Defendants' *joint* conduct, either as co-conspirators and/or co-venturers and/or principal/agent, it is essential the Plaintiff present and *explain the inter-relationship between the Defendants and their conduct, as well as the substantive bases for liability based thereon;***

c. In light of the standard of review applicable to a motion to dismiss, it is irrelevant where or by whom any issue, argument, or fact is raised or on what basis the Court determines Plaintiff can or cannot properly allege claims for relief against any or all of the Defendants;

d. Accordingly, regardless of which Defendant raises an issue, argument, or fact, if the Court determines that the same is such as to prevent Plaintiff from establishing a right to relief as to any or all of the Defendants as to any or all claims, the Court must grant a dismissal as to each of the Defendants as to any such claims, even if a particular Defendant did nor raise such issue, argument, or fact;

e. Similarly, if anywhere in the pleadings or memoranda filed with the Court or even *sua sponte*, the Court determines that Plaintiff *can* prove facts in support of any or all of its claims against any or all of the Defendants, it must deny dismissal of such claims accordingly as to each such Defendant, even if the Plaintiff did not raise the particular issue, argument, or fact, on which the Court based its determination, in a memorandum or response directed to a particular Defendant;

f. Moreover, Plaintiff is not obligated to respond to every issue or alleged deficiency in the claims alleged asserted by the Defendants in their respective Memoranda. Indeed, Plaintiff need not prove or establish anything. The Defendants must show that, as a matter of law, Plaintiff can prove not set of facts in support of its claims. In response, Plaintiff need only show that in a general sense, based on the elements of the various claims, the facts alleged, and the inferences which may be reasonably drawn therefrom, facts can be proved in support of its various claims.

g. To the extent there are any material factual differences with respect to the relevant conduct of the Defendants, *which Plaintiff deems it necessary to address*, for the all the foregoing reasons, Plaintiff submits that it may be most efficiently handled by appropriate reference in a combined memorandum of law.

**WHEREFORE**, for all the foregoing reasons, Plaintiff prays that Plaintiff's Motion to Exceed Page Limit in a Combined Memorandum of Law in Opposition to the Memoranda of Law Filed by the Defendants in Support of Their Motions to Dismiss be granted.

**PLAINTIFF,**
By its attorneys,
**SINAPI, FORMISANO &COMPANY, LTD.**

**Dated: June 3 , 2005**

**Richard A. Sinapi, Esq. (R.I. Bar No. 2977)**
**V. Edward Formisano, Esq. (R.I. Bar No. 5512)**
**100 Midway Place, Suite 1**
**Cranston, RI 02920**
**Telephone: (401) 944-9690**
**Fax: (401) 943-9040**

**CERTIFICATION**

**Patricia A. Sullivan, Esq.**
**Edwards & Angell LLP**
**2800 Financial Plaza**
**Providence, RI 02903**

**John A. Tarantino, Esq.**
**Adler Pollack and Sheehan P.C.**
**One Citizens Plaza, 8th Floor**
**Providence, RI 02903**

**Joseph V. Cavanagh, Jr., Esq.**
**Blish & Cavanaugh LLP**
**30 Exchange Terrace**
**Providence, RI 02903**

I hereby certify that I mailed a copy of the within Motion to the above attorneys of records via regular mail, postage pre-paid on the 3rd day of June, **2005.**