**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| PSW, INC., d/b/a/ PSW BILLING,<br><br>Plaintiff,<br><br>v.<br><br>VISA U.S.A. INC., MASTERCARD INTERNATIONAL, INC., FIRST FINANCIAL BANK AND FIRST DATA MERCHANT SERVICES CORP.,<br><br>Defendants. | Case No. 1:04cv347(ECT) |

**REPLY MEMORANDUM IN SUPPORT OF VISA U.S.A. INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**


OF COUNSEL:
Randall W. Edwards
Nikhil M. Shanbhag
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111-3305
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Richard G. Parker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Daniel H. Bookin
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111-3305
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Jonathan D. Hacker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Patricia A. Sullivan (#2120)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
Telephone: (401) 274-9200
Facsimile: (888) 325-9067

# TABLE OF CONTENTS

Page

SHERMAN ACT §§ 1 & 2 CLAIMS ........ 1

FIRST AMENDMENT CLAIM ........ 3

STATE-LAW CLAIMS ........ 4

CONCLUSION ........ 5

## TABLE OF AUTHORITIES

**Page**

**Cases**

*American Express v. Visa*
(S.D.N.Y.) (No. 04-CV-7844 (BSJ)) .......... 2

*American Title Ins. Co. v. East W. Fin. Corp.*,
16 F.3d 449 (1st Cir. 1994) .......... 4

*Austin v. Blue Cross & Blue Shield*,
903 F.2d 1385 (11th Cir. 1990) .......... 3

*City of Pittsburgh v. West Penn Power Co.*,
147 F.3d 256 (3d Cir. 1998) .......... 3

*Correctional Services Corp. v. Malesko*,
534 U.S. 61 (2001) .......... 3, 4

*Coyne v. City of Somerville*,
972 F.2d 440 (1st Cir. 1992) .......... 4

*DM Research, Inc. College of Am. Pathologists*,
2 F. Supp. 2d 226 (D.R.I. 1998) .......... 2, 4

*Eastern Food Servs., Inc. v. Pontifical Catholic Univ. Servs. Ass'n, Inc.*,
357 F.3d 1, 4 (1st Cir. 2004) .......... 1

*Ferguson v. Marshall Contractors, Inc.*,
707 A.2d 660 (R.I. 1998) .......... 4

*Harkins Amusement Entps, Inc. v. Gen. Cinema Corp.*,
850 F.2d 477 (9th Cir. 1988) .......... 1

*Illinois Brick Co. v. Illinois*,
431 U.S. 720 (1977) .......... 2, 3

*In re Brand Name Prescription Drugs Antitrust Litig.*,
123 F.3d 599 (7th Cir. 1997) .......... 3

*Kansas v. Utilicorp United, Inc.*,
497 U.S. 199 (1990) .......... 3

*Larson v. Dawson*,
53 A. 93 (R.I. 1902) .......... 5

# TABLE OF AUTHORITIES

**Page**

*Lawrence v. Anheuser-Busch, Inc.*,
523 A.2d 864 (R.I. 1987) ........ 4

*Lombard v. Economic Dev. Admin.*,
94 Civ. 1050 (BSJ), 1997 U.S. Dist. LEXIS 23716 (S.D.N.Y. Oct. 8, 1997) ........ 5

*Massengale v. Transitron Elec. Corp.*,
385 F.2d 83 (1st Cir. 1967) ........ 4

*Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*,
123 F. Supp. 2d 945 (W.D.N.C. 2000) ........ 1

*Phoenix Elec. Co. v. National Elec. Contractors Ass'n, Inc.*,
867 F. Supp. 1498 (D. Or. 1994) ........ 1

*R.I. Five v. Medical Assocs.*,
668 A.2d 1250 (R.I. 1996) ........ 4

*Sarro v. Cornell Corrections, Inc.*,
248 F. Supp. 2d 52 (D.R.I. 2003) ........ 4

*Solar Travel Corp. v. Nachtomi*,
00 Civ. 3564 (AGS), 2001 U.S. Dist. LEXIS 7549 (S.D.N.Y. June 8, 2001) ........ 5

*Stop & Shop Supermarket Co. v. Blue Cross & Blue Shield*,
239 F. Supp. 180 (D.R.I 2003) ........ 1

*Terrien v. Joseph*,
53 A.2d 923 (R.I. 1947) ........ 5

*Toste Farm Corp. v. Hadbury, Inc.*,
798 A.2d 901 (R.I. 2002) ........ 5

*United States v. Visa U.S.A., Inc.*,
344 F.3d 229 (2d Cir. 2003) ........ 1, 3

PSW's opposition brief ("Opp.") invokes the rhetoric of antitrust, but its substance demonstrates that PSW – still – is at most alleging "wrongs directed against the private interest of an individual business," *Eastern Food Servs., Inc. v. Pontifical Catholic Univ. Servs. Ass'n, Inc.*, 357 F.3d 1, 4 (1st Cir. 2004), rather than "activities that interfere with competitive markets and their ability to provide adequate supplies of quality goods at reasonable prices," *Stop & Shop Supermarket Co. v. Blue Cross & Blue Shield*, 239 F. Supp. 2d 180, 191 (D.R.I. 2003), *aff'd*, 373 F.3d 57 (1st Cir. 2004). Neither does PSW justify its newly plead First Amendment claim. PSW's amended complaint does nothing to cure the defects of its original complaint, and in many ways compounds them. The amended complaint should be dismissed.

Sherman Act §§ 1 & 2 Claims. Counts I and II must be dismissed because PSW fails to allege harm to marketwide competition and lacks antitrust standing. Visa Br. 7-13.[1] Contrary to PSW's assertions, (Opp. at 12 n.30, 16 n.35), dismissal of an antitrust claim pursuant to a Rule 12(b)(6) motion is entirely appropriate where the plaintiff fails to allege specific facts establishing injury to competition or antitrust standing. *E.g.*, *Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945, 951 (W.D.N.C. 2000) (antitrust injury); *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256 (3d Cir. 1998) (antitrust standing); *Austin v. Blue Cross & Blue Shield*, 903 F.2d 1385 (11th Cir. 1990) (antitrust standing).

a. As demonstrated in Visa's opening brief, the amended complaint fails to allege facts to establish that Visa's chargeback rules have increased prices or reduced output in a relevant market, as required for antitrust injury. In response, PSW first claims collateral estoppel based on the decision in *United States v. Visa U.S.A., Inc.*, 163 F. Supp. 2d 322 (S.D.N.Y. 2001), *aff'd*, 344 F.3d 229 (2d Cir. 2003) ("*Visa*"), which invalidated Visa's exclusivity rule. But the *Visa* courts did not address either the chargeback rules that form the gravamen of PSW's complaint or

[1] PSW makes no effort to defend its Section 2 monopolization claim (Count II). As explained in Visa's opening brief, Section 2 cannot apply to what PSW concedes are thousands of individual banks that make up the Visa association and which compete against each other vigorously. *Harkins Amusement Entps, Inc. v. Gen. Cinema Corp.*, 850 F.2d 477, 490 (9th Cir. 1988) (finding no § 2 violation where numerous competitors were present); *Phoenix Elec. Co. v. National Elec. Contractors Ass'n, Inc.*, 867 F. Supp. 1498, 1514-15 (D. Or. 1994).

the four ancillary programs PSW seeks to attack. As to the exclusivity rules, the Department of Justice did not allege – and the court did not find – harm to competition (increased prices or reduced output) in the market in which ***PSW*** is a consumer. Rather, the Second Circuit stated that ***cardholders*** and ***banks*** were injured. *Visa*, 344 F.3d 240-41. Thus PSW cannot rely on *Visa* to avoid pleading and proving harm to competition directly injuring PSW. In addition, the *Visa* district court itself recently denied collateral estoppel effect to its prior decision in suits by Discover and American Express following directly on the Department of Justice action. Tr. of Apr. 14, 2005 at 3-4, *American Express v. Visa* (S.D.N.Y.) (No. 04-CV-7844) (BSJ). If collateral estoppel was inapplicable in those actions, it certainly makes no sense here.

PSW's second argument is that the supply of network services to merchants such as PSW allegedly did decrease as a result of the challenged programs. Opp. at 10. But PSW does not allege any ***facts*** that, if true, would establish such output-reducing effects. To the contrary, PSW alleges that some small aggregators and website clients went out of business, causing an overall reduction in the number of websites purveying pornography. Opp. at 12 n.27; Am. Compl. ¶¶ 90-91, 92(b), 97, 169(f). But even if true, these allegations would only show a decrease in the number of ***buyers*** in the merchant market for network services, not a decrease in the number of ***sellers*** or, correspondingly, the quantity of network services available for purchase. As argued more extensively in Visa's opening brief, such a reduction in the number of buyers would necessarily have the effect of ***decreasing*** prices in the merchant-buying market, not increasing them. Visa Br. at 11-12. PSW has no response – except the conclusory assertion that competition has nevertheless been harmed. It is well established that the mere "invocation of antitrust terms of art" such as "harm to competition" – or, here, "output-reduction" – is no "substitute for the necessary factual allegations" that would justify a finding of marketwide harm. *DM Research, Inc. v. Coll. of Am. Pathologists*, 2 F. Supp. 2d 226, 229 (D.R.I. 1998) (internal quotation marks omitted), *aff'd* 170 F.3d 53 (1st Cir. 1999).[2]

---

[2] Further, PSW has not alleged that Visa has limited the number of card transactions it will process for Internet pornography websites. PSW does allege that some websites were denied card services because of

b. In an effort to escape its antitrust standing problem under the "indirect purchaser" rule, *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), PSW invokes a "co-conspirator" exception some courts have recognized. This exception is said to apply when the directly injured middleman was conspiring with the ultimate supplier. PSW thus argues here that FFB acted as the middleman and conspired with Visa and MasterCard acting as suppliers. Opp. at 13-14 n.32. Lower courts, however, are not free to invent new exceptions to the categorical indirect purchaser rule. *Kansas v. Utilicorp United, Inc.*, 497 U.S. 199, 216-17 (1990).[3] As the Seventh Circuit has recognized, "the only exceptions to the *Illinois Brick* doctrine are those stated in *Illinois Brick* itself – 'where the direct purchaser is owned or controlled by its customer . . . or . . . vice versa." *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 606 (7th Cir. 1997) (internal citation omitted). PSW makes no such allegation that FFB is owned or controlled by Visa. Moreover, any exception to the indirect purchaser rule for co-conspirators that can be "viewed as essentially one entity," Opp. at 13-14 n.32, cannot apply here, inasmuch as the *Visa* case on which PSW so heavily relies explicitly ***rejected*** the contention that Visa and its member banks could be treated as a "single entity" for antitrust purposes.[4] *See Visa*, 344 F.3d at 242. PSW itself certainly alleges no facts that would establish that Visa and FFB act as a single entity.

2. <u>*First Amendment Claim.*</u> PSW defends its unprecedented First Amendment claim on the ground that courts – including this one – have in the past recognized *Bivens* actions arising

---

unacceptable content or because they had previously been terminated for having unacceptable levels of fraud, but these allegations show only that a few Internet pornographers were unable to procure network services, not that there was an overall decrease in the supply of card services available to merchants in any relevant market. PSW offers no basis for defining the relevant market as those Internet sites that distribute only the most obscene pornography or those websites that have unacceptable levels of fraud and chargebacks.

[3] *Utilicorp* also answers PSW's contention that the indirect purchaser rule is inapplicable because FFB passed through costs imposed by the chargeback program. *Cf.* Opp. at 13 n.31. In *Utilicorp*, the middleman was ***required by law*** to pass through costs, but the Court still held that only the middleman could sue. 497 U.S. at 205.

[4] PSW recognizes that Visa and FFB did not act as one entity. It alleges that Visa set the interchange fee for use of its network, (Am. Compl. ¶¶ 38, 163(e)), but at no point does it allege that Visa sets the discount fee actually paid by the merchant and set out in the contract between PSW and FFB. FFB purchases Internet services from Visa at the prevailing interchange rate and then decides how much to charge PSW for those services in the form of the discount fee. PSW thus acts as an indirect purchaser of network services.

from violations of the First Amendment. But every decision PSW cites for this proposition was decided well before *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001), which controls this case, as explained in Visa's opening brief.

Separately, PSW is simply incorrect in arguing that this Court's decision in *Sarro v. Cornell Corrections, Inc.*, 248 F. Supp. 2d 52 (D.R.I. 2003), somehow recognizes ***corporate*** liability under *Bivens*. In *Sarro*, this Court concluded that "the Supreme Court has held that a private corporation operating a prison is ***not*** subject to suit under *Bivens*," *Id.* at 56 (emphasis added), and discussed the cases cited by PSW only in addressing "whether a federal prisoner incarcerated at a privately-operated facility may maintain a *Bivens* action against guards and other individuals employed at that facility." *Id.* Finally, the Supreme Court has rejected the claim "that a *Bivens* remedy should be implied simply for want of any other means for challenging a constitutional deprivation in federal court." *Malesko*, 534 U.S. at 69.

3. *State-law Claims.* a. PSW's claims for breach of contract and breach of the covenant of good faith are meritless. Although PSW admits that Visa was not a party to the Merchant Agreement, Opp. at 22 n.57, it seeks to save its contract-based claims through conclusory allegations of agency and privity. But PSW fails to point to any factual allegations sufficient to establish an agency relationship, such as a right to control FFB's actions or an allegation that FFB acts primarily for the benefit of Visa rather than for itself. *See American Title Ins. Co. v. East W. Fin.*, 16 F.3d 449, 456 (1st Cir. 1994); *Lawrence v. Anheuser-Busch, Inc.*, 523 A.2d 864, 867 (R.I. 1987). Similarly, it points to no factual allegations to show privity of contract such as some mutuality of obligation between Visa and PSW. *See Massengale v. Transitron Elec. Corp.*, 385 F.2d 83, 88 (1st Cir. 1967); *Rhode Island Five v. Medical Assocs.*, 668 A.2d 1250 (R.I. 1996). Contrary to PSW's assertion, the Merchant Agreement's incorporation of parts of the Visa Operating Regulations does not make Visa a party to that contract. *Ferguson v. Marshall Contractors, Inc.*, 707 A.2d 660, 662 (R.I. 1998) (incorporation of one contract into another does not create duties as between the non-contracting parties). Conclusory legal epithets of "agency" and "privity" unsupported by factual allegations will not defeat a motion to dismiss. *DM*

*Research*, 2 F. Supp. 2d at 229; *see Coyne v. City of Somerville*, 972 F.2d 440, 444-45 (1st Cir. 1992).

b. With respect to the tortious interference with contract claim, PSW points only to its general allegations of relations with its website clients, which are devoid of any specifics or details. Opp. at 27-28. A claim for tortious interference, however, must be supported by identification of the ***specific*** contract that was purportedly interfered with. *Lombard v. Economic Dev. Admin.*, 94 Civ. 1050 (BSJ), 1997 U.S. Dist. LEXIS 23716 at *54-55 (S.D.N.Y. Oct. 8, 1997); *see Toste Farm Corp. v. Hadbury, Inc.*, 798 A.2d 901, 906 (R.I. 2002). With respect to the prospective economic advantage claims, PSW simply alleges that it had a stellar reputation in the Internet pornography industry, from which this Court should draw a "reasonable inference that it had a reasonable probability" of finding some future website client. Opp. at 29. Such self-serving, generalized speculation is, of course, not nearly enough to state an adequate claim for interference with prospective business advantage: PSW must identify the specific client lost because of Visa's supposed "interference." *See, e.g.*, *Solar Travel Corp. v. Nachtomi*, 00 Civ. 3564 (AGS), 2001 U.S. Dist. LEXIS 7549 at *37 (S.D.N.Y. June 8, 2001).

c. Finally, with respect to the conversion claim, PSW's opposition wholly ignores its failure to allege conversion of a "chattel." Visa Br. at 23; *Larson v. Dawson*, 53 A. 93 (R.I. 1902). Nor does PSW allege that Visa, by failing to compel ***FFB*** to release the money to PSW, somehow converted money to Visa's own use – an allegation required for a conversion claim against Visa. *Terrien v. Joseph*, 53 A.2d 923, 925 (R.I. 1947). And for the reasons explained above, PSW's conclusory allegations of agency or conspiracy are insufficient to make Visa liable for FFB's retention of the funds in the Merchant Account. *See supra* at 4.

## CONCLUSION

The Court should dismiss all claims against Visa in the amended complaint.

Respectfully submitted,

By: ______________________

Patricia A. Sullivan (#2120)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
Telephone: (401) 274-9200
Facsimile: (888) 325-9067

Daniel H. Bookin
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111-3305
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Jonathan D. Hacker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*OF COUNSEL:*

Randall W. Edwards
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111-3305
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Richard G. Parker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Defendant Visa U.S.A., Inc.*

DATED: July 21, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2005, a true and correct copy of *Visa U.S.A., Inc.'s Reply Memorandum in Support of Motion to Dismiss* was sent via facsimile and first-class mail, postage prepaid to the following parties:

Richard A. Sinapi, Esq.
V. Edward Formisano, Esq.
Sinapi Formisano & Company, Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920-5707

David Paul Steiner, Esq.
David Steiner & Associates
1925 Century Park East, Suite 2350
Los Angeles, CA 90067

Jay Fastow, Esq.
Bruce Colbath, Esq.
Denise Plunkett, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Brian Wallach, Esq.
Howrey Simon Arnold & White
1299 Pennsylvania Avenue, NW
Washington, DC 20004

Joseph V. Cavanagh, Esq.
Blish & Cavanagh, LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903-1765

John A. Tarantino, Esq.
Patricia K. Rocha, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza
Providence, RI 02903

Patricia A. Sullivan #2120
*Attorney for Defendant Visa U.S.A., Inc.*