UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PSW, INC. d/b/a PSW BILLING,<br>Plaintiff,<br>v.<br>VISA U.S.A., INC., MASTERCARD INTERNATIONAL INCORPORATED, FIRST FINANCIAL BANK, AND FIRST DATA MERCHANT SERVICES CORPORATION,<br>Defendants. | Civ. A. No. 04-347-T (ECT) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT MASTERCARD INTERNATIONAL INCORPORATED'S MOTION TO DISMISS THE COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**

MasterCard's opening brief demonstrates that Plaintiff's superficial amendments to the complaint fail to rectify the many deficiencies identified by Defendants in the first round of motions to dismiss, and Plaintiff's only new claim, a First Amendment *Bivens* action, is patently untenable. Plaintiff's Opposition does nothing to refute this showing. Rather than articulating a coherent legal theory based on factual allegations, Plaintiff resorts to conclusory conspiracy and agency contentions, and improperly lumps together the Defendants in an attempt to create a conspiratorial veneer. And, Plaintiff is wholly unable to distinguish *Paycom Billing Svcs. v. MasterCard Int'l Inc.*, No. 03-CV-6150 (DGT), 2005 WL 711658 (E.D.N.Y. Mar. 29, 2005). Because Plaintiff fails to allege facts showing conduct by MasterCard that (i) violates any of the laws cited by Plaintiff, and (ii) resulted in cognizable harm to Plaintiff, the Court should dismiss the Amended Complaint in its entirety as to MasterCard with prejudice.

## I. Plaintiff's Antitrust Claims Still Fail to State a Claim for Relief As To MasterCard

A. Plaintiff fails to distinguish in any meaningful way the recent *Paycom* decision, which dismissed under Rule 12(b)(6) antitrust claims asserted by another "aggregator" against MasterCard based on the same purported programs and rules challenged by Plaintiff here. *See generally Paycom*, 2005 WL 711658. Although Plaintiff argues that *Paycom* is "inapposite" because it purports to allege a conspiracy between MasterCard and Visa, whereas *Paycom* challenged only MasterCard's policies (*see* Pl. Opp. at 18, n. 43), this is a distinction without a difference. Besides legal conclusions of "concerted conduct" between MasterCard and Visa, Plaintiff alleges nothing more than, at best, "parallel" conduct, which is insufficient as a matter of law to state a claim under Section 1 of the Sherman Act. (*See* MC Mem. at 13-14). And, while Plaintiff asserts that the court in *United States v. Visa U.S.A, Inc.*, 163 F. Supp. 2d 322 (S.D.N.Y. 2001), *aff'd,* 344 F.3d 229 (2d Cir. 2003), *cert. denied,* 125 S. Ct. 45 (2004), found that MasterCard and Visa conspired "in enacting and enforcing their parallel Exclusivity Rules" (Pl. Opp. at 7), there is no such finding in that case; to the contrary, the government's complaint made no allegation whatsoever that MasterCard and Visa conspired with

each other with respect to their "exclusivity rules."[1] *See* http://www.usdoj.gov/atr/cases/f1900/ 1973.htm (Complaint) at pp. 38-40.

Thus, Plaintiff here has alleged no more than the same claimed harm to intrabrand competition that the *Paycom* court rejected. *See Paycom*, 2005 WL 711658 at *4. And it is in no better position to sue based on the *U.S. v. Visa* decision than was the "aggregator" in *Paycom*, where the Court held that the Paycom's claimed injuries allegedly resulting from MasterCard's "Exclusivity Rule" were "merely derivative," rejected Paycom's challenges to other practices Plaintiff challenges here, and held that any alleged damages would be impermissibly "indirect" and "pure speculation." *Paycom,* 2005 WL 711658, at *4-*5.

B. Plaintiff's conclusory assertions of harm to competition fail for multiple reasons. Plaintiff alleges that it is a provider of intermediary processing services to Internet merchants, a "substantial percentage" of which are "adult entertainment" digital content providers. (Am. Compl. ¶¶ 19-20.) Although Plaintiff asserts that MasterCard's challenged programs contributed to Plaintiff's demise, it also concedes that other aggregators -- "large enough to spread unavoidable friendly and other fraud chargebacks against a sufficiently large volume" -- have remained in business (*id.* ¶ 90), and that the vast majority of Plaintiff's clients have secured other "aggregators" to service their accounts (*id.* ¶ 145). Plaintiff's own allegations thus defeat any claim of harm to competition. *See Lee v. Life Ins. Co. of N. Amer.*, 829 F. Supp. 529, 536 (D.R.I. 1993), *aff'd*, 23 F.3d 14 (1st Cir. 1994) ("removal of one or a few competitors need not equate with injury to competition").

---

[1] As a result, Plaintiff's invocation of the doctrine of collateral estoppel with respect to *U.S. v. Visa* (*see* Pl. Opp. at 5-7) is improper. *See Visa U.S.A. Inc. v. First Data Corp. et al,* No. C 02-1786 (JSW) (N.D. Cal. April 15, 2005), at 4-7 (rejecting defendants' attempt to invoke collateral estoppel based upon *U.S. v. Visa* on issues relating to the proper scope of the relevant market, whether Visa possessed market power in the alleged relevant markets, and whether Visa's conduct caused competitive harm); *see also Plumley v. Southern Container, Inc.*, 303 F.3d 364, 373 (1st Cir. 2002) ("[A] party wishing to invoke the doctrine of collateral estoppel must establish (1) that the issue to be precluded is the same as that disputed in a prior proceeding, (2) that the issue was actually litigated in the earlier proceeding, (3) that the issue was determined by a valid and binding final judgment or order, and (4) that the determination of the issue in the prior proceeding was essential to the final judgment or order.") (citation omitted). In any event, the *Visa* case sheds no light as to whether this plaintiff has pleaded adequately antitrust injury and standing to assert the claims alleged here.

C. Moreover, although Plaintiff alleges that pricing in the asserted "Adult network services market is higher than the pricing for other types of "card not present" transactions and for "brick and mortar" transactions (*see* Am. Compl. ¶¶ 44-45, 67-68, 92), such pricing would not violate Section 2 of the Sherman Act unless anticompetitive exclusionary conduct also is shown. *Verizon Comms. Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 407 (2004).[2] Plaintiff's allegations fail this test: according to its own complaint, efficient aggregators have flourished (Am. Compl. ¶ 162); entry into the online Adult entertainment business is still easy (*id.* at ¶ 91); and the profitability of participants in this business remains high (*id.*). In essence, Plaintiff complains about MasterCard's purported allocation of risk with respect to certain types of online transactions, but cannot show that the purported allocation -- placing the risk of fraud on merchants and aggregators, as opposed to consumers -- is unreasonable. *Cf. FTC v. Crescent Publ'g. Group, Inc.*, 129 F. Supp. 2d 311 (S.D.N.Y. 2001) (online adult entertainment industry prone to fraudulent practices); *accord FTC v. J.K. Publications*, Inc., 99 F. Supp. 2d 1176 (C.D. Cal. 2000).

D. Moreover, although Plaintiff alleges several purported markets in which it claims that competition has been restrained (*see, e.g.*, Am. Compl. ¶¶ 156, 158, 160), it still fails to state facts showing that it suffered antitrust injury in any of these alleged markets. First, Plaintiff flatly concedes that it cannot claim "standing with respect to the general purpose card market, with respect to which it is neither a competitor nor customer."

Second, Plaintiff's allegations also defeat any assertion that it has suffered antitrust injury in the purported market for "network services for general purpose cards." As noted by Plaintiff, "the presumptively 'proper' plaintiff is a customer who obtains services in the threatened market or a competitor who seeks to serve that market." *SAS of Puerto Rico, Inc. v. Puerto Rico Tele. Co.*, 48 F 3d

---

[2] Plaintiff is flat wrong in arguing that the sufficiency of its allegations regarding MasterCard's alleged monopoly power and alleged intent to monopolize may not be determined on a motion to dismiss. (Pl. Opp. at 17.) Courts routinely dismiss Section 2 cases on the pleadings when merited. *See, e.g., CCBN.com, Inc. v. Thompson Fin., Inc.*, 270 F. Supp. 2d 146, 157 (D. Mass. 2003).

39, 44-45 (1st Cir. 1995) (cited in Pl. Opp. at 6). Applying that test here, only a competing network or a bank that directly consumed such "network services" might be able to bring a private antitrust claim with respect to this purported market. Plaintiff, in contrast, is not a competing network, and it concedes that it did not directly "consume" network services because it contracted with acquirers (not MasterCard or Visa) "on behalf of" its website clients (Am. Compl. ¶¶ 19-20). Likewise, Plaintiff cannot claim standing as an "indirect purchaser," in light of *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 541 n. 46 (1983), which prohibits exactly such derivative claims (especially since Plaintiff fails to allege facts showing any conspiracy between MasterCard and FFB.) (*See* MC Mem. at 12-15). *See also Illinois Brick Co. v. Ill.*, 431 U.S. 720, 736 (1977); *DM Research, Inc. v. College of Amer. Pathologists*, 2 F. Supp. 2d 226, 228-29 (D.R.I. 1998) (Torres, J.), *aff'd* 170 F.3d 53 (1st Cir. 1999).

Third, Plaintiff's allegations also belie the claim that it suffered antitrust injury in the purported "Adult network services market." Plaintiff admits its indirect position in the distribution chain of this asserted "market," claiming that MasterCard and Visa provide these "services" to their acquiring members, who, in turn, contract with merchants that accept transactions in the Adult Entertainment milieu (Am. Compl. ¶ 162), and Plaintiff further admits that it acts on behalf of its website clients (*id.* ¶¶ 19-20). Thus, as is the case with the asserted "network services market," Plaintiff is, at best, an indirect consumer of such services and, therefore, lacks antitrust standing.

## II. Plaintiff Fails to State a Viable First Amendment Claim.

Plaintiff's First Amendment claim is baseless under *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 n.2, 71-73 (2001) ("The Courts of Appeals have divided on whether *FDIC v. Mayer* forecloses the extension of *Bivens* to private entities . . . . We hold today that it does.") (citation omitted) and *Stoutt v. Banco Popular de Puerto Rico*, 320 F.3d 26, 33 (1st Cir. 2003) ("The Supreme Court has already limited *Bivens* actions by refusing to extend them to private entities."). Although Plaintiff asserts that "there is a sufficiently close nexus between governmental officials and the challenged action" here,

such that "it may be treated as action of the government itself" (Pl. Opp. at 19), it offers no "factual" flesh to support the skeletal claim that MasterCard (or any of the Defendants) "acted under color of federal law;" nor does Plaintiff allege that this asserted conduct had any tangible effect on it or any of its customers. Allegations based solely on "suspicions" are inadequate to support a claim. *See, e.g., Nadel v. Play-By-Play Toys and Novelties, Inc.*, 208 F.3d 368, 382 (2d Cir. 2000).

## III. Plaintiff Still Fails to State a Claim Under State Law Against MasterCard.

Plaintiff's Opposition reveals that its claims manifest nothing more than a commercial dispute over the terms of its contract with its acquirer (FFB) -- a relationship in which MasterCard concededly is not a party. Plaintiff seeks to embroil MasterCard in this dispute, by resorting to conclusory allegations that an "agency" relationship or "identity of interest" exists. Once again, however, Plaintiff fails to plead sufficient facts to support its conclusory assertions; neither the allegation that MasterCard and FFB have their own contractual relationship, nor the legal conclusion that MasterCard is a purported third-party beneficiary of Plaintiff's contract with FFB, support a finding of a principal-agent relationship between MasterCard and FFB.[3] *Cf. Emery v. Visa Int'l Svc. Assn.*, 95 Cal. App. 4th 952, 960 (2002) (no agency relationship found between network and banks). And, as MasterCard has shown, Plaintiff fails to allege facts sufficient to support its conspiracy contentions, thus defeating its attempt to sue MasterCard under the various state laws that it invokes in the Amended Complaint.

## IV. Conclusion

The Court should dismiss the Amended Complaint in its entirety as to MasterCard with prejudice.

---

[3] Plaintiff continues to misrepresent the holdings of *Reyn's Pasta Bella v. Visa U.S.A., Inc.*, 259 F. Supp. 2d 992 (N.D. Cal. 2003) and *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124 (2d Cir. 2001). Neither court "expressly found that in entering into Merchant Agreements ... Acquiring Banks such as FFB are actually 'contract[ing] with retailers on behalf of Visa or MasterCard to purchase payment card transactions.'" (Pl. Opp. at 22 n. 57.) The plaintiff's factual allegations in those cases merely were assumed to be true for purposes of deciding the motions at issue.

Dated: July 21, 2005

Respectfully submitted,

*Mary C. Dunn*

JOSEPH V. CAVANAGH, JR. (#1139)
MARY CAVANAGH DUNN (#6712)
BLISH & CAVANAGH LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903
tel: (401) 831-8900
fax: (401) 751-7542

WEIL, GOTSHAL & MANGES LLP
JAY N. FASTOW
BRUCE A. COLBATH
767 Fifth Avenue
New York, NY 10153
tel: (212) 310-8000
fax: (212) 310-8007

ATTORNEYS FOR DEFENDANT
MASTERCARD INTERNATIONAL
INCORPORATED

**CERTIFICATION**

I hereby certify that the 21st day of July, 2005, I forwarded a true copy of the within document via 1st class mail, postage prepaid, unless otherwise indicated, to the following parties:

Richard A. Sinapi, Esq.
V. Edward Formisano, Esq.
Sinapi, Formisano & Company, Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920

Jay N. Fastow, Esq.
Bruce A. Colbath, Esq.
Denise L. Plunkett, Esq.
Weil, Gotshall & Manges, LLP
767 Fifth Avenue
New York, NY 10153

John Tarantino, Esq.
Patricia K. Rocha, Esq.
Adler Pollock & Sheehan PC
2300 Financial Plaza
Providence, RI 02903

Daniel Bookin, Esq.
Randall W. Edwards, Esq.
O'Melveny & Meyers
275 Battery Street
San Francisco, CA 94111

Brian Wallach, Esq.
Howrey Simon Arnold & White LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402

Patricia A. Sullivan, Esq.
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903