UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PSW, Inc. d/b/a PSW BILLING,<br><br>Plaintiff,<br><br>v.<br><br>VISA U.S.A., Inc., MASTERCARD INTERNATIONAL INCORPORATED, FIRST FINANCIAL BANK, AND FIRST DATA MERCHANT SERVICES CORPORATION,<br><br>Defendants. | Civ. A. No. 04-347-T (ECT) |

# NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant MasterCard International Incorporated ("MasterCard") hereby brings to the Court's attention the attached decision in *Discover Financial Services, Inc. v. Visa U.S.A., Inc. et al.,* No. 04-CIV- 7844, slip op. (S.D.N.Y October 24, 2005), which rejects the aggregation of market share in monopolization and attempted monopolization claims under Section 2 of the Sherman Act.

Respectfully submitted,

JAY N. FASTOW (*pro hac vice*)
BRUCE A. COLBATH (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153

JOSEPH V. CAVANAGH, JR. (#1139)
STACI L. KOLB (#5451)
BLISH & CAVANAGH LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903

ATTORNEYS FOR DEFENDANT
MASTERCARD INTERNATIONAL
INCORPORATED

CHAMBERS OF
HON. BARBARA S. JONES
UNITED STATES DISTRICT COURT
FOLEY SQUARE
NEW YORK, NEW YORK 10007
TEL: (212) 805-6185
FAX: (212) 805-6191

# FAX COVER SHEET

**RE: Discover v. Visa, et al, 04 Civ. 7844**

To:

| | |
|---|---|
| Matthew L. Cantor<br>Constantine Cannon | Fax: (212) 350-2701 |
| Edward C. Fitzpatrick, Esq.,<br>Lord Bissell & Brook LLP | Fax: (312) 443-0336 |
| Joseph Frank Tringali, Esq.<br>Simpson, Thacher & Bartlett LLP | Fax: (212) 455-2502 |
| Donald L. Flexner, Esq.<br>Boies, Schiller, & Flexner LLP | Fax: (212) 446-2350 |
| John W. Keker, Esq.<br>Keker & Van Nest LLP | Fax: (415) 397-7188 |
| David P. Gersch, Esq.<br>Arnold & Porter | Fax: (202) 942-5999 |
| Rick Leveridge, Esq.<br>Dickstein, Shapiro, Morin & Oshinsky LLP | Fax: (202) 887-0689 |
| Kenneth A. Gallo, Esq.<br>Paul Weiss, Rifkind, Wharton, & Garrison LLP | Fax: (202) 223-7456 |
| Robert D. Wick, Esq.<br>Covington & Burling | Fax: (202) 662-6291 |
| Mark P. Ladner, Esq.<br>Morrison & Foerster | Fax: (212) 468-7900 |

| | |
|---|---|
| Andrew J. Frackman, Esq.<br>O'Melveny & Myers, LLP | Fax (212) 326-2061 |
| Michael Luedner, Esq.<br>Foley & Lardner | Fax: (414) 297-4900 |
| Peter Sloane, Esq.<br>Cahill, Gordon, & Reindel LLP | Fax: (212) 269-5420 |
| William F. Cavanaugh, Jr., Esq.<br>Patterson, Belknap, Webb, & Tyler, LLP | Fax: (212) 336-2222 |
| Eric J. Sinrod, Esq.<br>Duane Morris LLP | Fax: (415) 371-2201 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DISCOVER FINANCIAL SERVICES, INC. Plaintiff v. VISA U.S.A., INC., VISA INTERNATIONAL SERVICE ASSOCIATION, MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, Defendants. | : | 04 Civ. 7844 (BSJ) **ORDER** |

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Discover Financial Services, Inc. ("Discover") brings claims of actual and attempted monopolization under section 2 of the Sherman Act against Visa, U.S.A., Inc., Visa International Service Association ("collectively "Visa"), MasterCard, Inc. and MasterCard International, Inc. (collectively "MasterCard").[1] Visa and MasterCard have moved to dismiss these claims. For the reasons stated below, MasterCard's motion to dismiss is GRANTED and Visa's motion to dismiss is DENIED.

**Actual Monopolization**

A monopoly claim under section 2 of the Sherman Act has two elements: "(1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a

[1] Section 2 makes it illegal to "monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce." 15 U.S.C. § 2.

consequence of a superior product, business acumen, or historic accident." United States v. Grinnell Corp., 384 U.S. 563, 570-71, 86 S. Ct. 1698, 1704 (1966). Attempt to monopolize under section 2 requires proof "(1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power." Spectrum Sports v. McQuillan, 506 U.S. 447, 456, 113 S. Ct. 884, 890-91 (1993).

Monopoly power is defined as "the ability to control prices or exclude competition." United States v. E. I. Du Pont de Nemours & Co., 351 U.S. 377, 391, 76 S. Ct. 994, 1005 (1995). Monopoly power requires, at a minimum, a showing that the defendant has a 30 percent share of the relevant market. An actual monopolization claim thus fails as a matter of law where the plaintiff alleges that the defendant has a market share of less than 30 percent. See, e.g., United Air Lines, Inc. v. Austin Travel Corp., 867 F.2d 737, 742 (2d Cir. 1989) (finding that defendant with 31 percent market share "lacks the market power necessary to constitute a national monopoly"); United States v. Aluminum Co. of Am., 148 F.2d 416 (2d Cir. 1945) ("certainly thirty-three per cent [market share] is not" monopoly power); United States v. Eastman Kodak Co., 853 F.Supp. 1454, 1486 (W.D.N.Y. 1994) ("even a 30 percent share does not give [defendant] monopoly power"). An attempted monopolization

claim likewise fails as a matter of law where the defendant's market share is below that level; under those circumstances there is no "dangerous probability" that the defendant will succeed in achieving monopoly power. AD/SAT v. Associated Press, 181 F.3d 216, 229 (2d Cir. 1999) ("a 33 percent market share does not approach the level required for a showing of dangerous probability of monopoly power"); Nifty Foods Corp. v. Great Atlantic & Pacific Tea Co., 614 F.2d 832, 841 (2d Cir. 1980) (market share of 33 to 55 percent insufficient for attempted monopolization claim).

Discover's first amended complaint alleges that MasterCard's share of the relevant market is 29 percent and that Visa's is 50 percent. (Am. Compl. at ¶ 26.) That allegation is clearly insufficient as a matter of law for a claim for either actual or attempted monopolization against MasterCard. Discover nonetheless argues that because it makes out a claim of "joint monopolization," the market shares of MasterCard and Visa can be aggregated to fulfill the monopoly power requirement of these two claims.

Regardless of whether Discover labels its claim one of "joint monopolization," "shared monopolization" or "oligopoly," the theory on which it relies is without merit. While such allegations of joint action may be cognizable as a claim for conspiracy to monopolize, they do not justify aggregating the

market shares of individual defendants to satisfy the monopoly power requirements for actual and attempted monopoly under section 2 of the Sherman Act, which prohibits actual and attempted monopolization by a *single* firm. See Kramer v. Pollock-Krasner Found., 890 F. Supp. 250, 256 (S.D.N.Y. 1995) ("While allegations of a shared monopoly, i.e., that the defendants' combined market power constitutes monopolization or attempted monopolization of the relevant market on first blush may seem persuasive, they do not constitute a violation of Section 2."); Consol. Terminal Sys. v. ITT World Commc'ns, 535 F. Supp. 225, 228-29 (S.D.N.Y. 1982) ("[A]n oligopoly, or a shared monopoly, does not in itself violate § 2 of the Sherman Act."); Crimpers Promotions, Inc. v. Home Box Office, Inc., 554 F. Supp. 838, 841 n. 2 (S.D.N.Y. 1982) ("[To] the extent that plaintiff is alleging that defendants as a group attempted to or have monopolized the cable industry, this is a claim of oligopoly, and is not cognizable under Section 2 of the Sherman Act."); Santana Prods., Inc. v. Sylvester & Assocs., Ltd., 121 F. Supp. 2d 729, 737 (E.D.N.Y. 1999)("Most district courts that have addressed the viability of a shared monopoly theory under Section 2 have rejected it as contrary to the plain language and legislative intent of the Sherman Act."); In re Petroleum Prod. Antitrust Litigation, 782 F. Supp. 481, 485 (C.D. Cal. 1991) ("This theory of shared monopoly power was then, and still is,

beyond the reach of § 2 of the Sherman Act . . . Antitrust doctrine has yet to adopt the theory that a shared monopoly is a violation of the antitrust laws."); Am. Telephone & Telegraph Co. v. Delta Commun. Corp., 408 F. Supp. 1075 (S.D.Miss. 1976), aff'd, 579 F.2d 972 (5th Cir. 1978), cert. denied, 444 U.S. 926 (1979) ("The Sherman Act neither mentions nor regulates oligopolies . . . To hold that an oligopoly violates § 2 amends the Act to subject to antitrust regulation businesses which lack the § 2 required market control and the § 1 conspiracy."). But see Continental Airlines, Inc. v. Am. Airlines, Inc., 824 F. Supp. 689, 706 (S.D. Tex. 1993) (describing evidence required for a claim of "joint monopolization").

If two defendants' shared monopoly does not violate section 2, it naturally follows that those defendants' market shares cannot be combined to satisfy the monopoly power requirement under that section. See Consol. Terminal Sys., 535 F. Supp. at 228-29 (S.D.N.Y. 1982) (granting defendants' motion to dismiss plaintiff's actual and attempted monopolization claims because they were predicated on combining the defendants' market shares; "in order to sustain a charge of monopolization or attempted monopolization, a plaintiff must allege the necessary market domination of a particular defendant"); Sun Dun, Inc. v. Coca-Cola Co., 740 F.Supp. 381, 390-91 (D.Md. 1990) (dismissing the plaintiff's actual monopolization claims where it failed to

"allege the requisite market power on the part of any individual defendant," thereby declining "to interpret the Sherman Act" to reach shared monopolies). But see Stewart Glass & Mirror, Inc. v. U.S.A. Glas, Inc., 940 F. Supp. 1026, 1037 (E.D. Tex. 1996) ("Joint monopolization claims do not require that the Plaintiffs allege that each Defendant has at least fifty-percent market share . . . Plaintiffs need only allege that Defendants have jointly acquired market power [and] have a market share in the aggregate of at least fifty percent."); Minpeco S.A. v. Hunt, 718 F. Supp. 168, 172 (S.D.N.Y. 1989) ("if joint action is charged and proven, [the law] does permit aggregation").

Defendants' market shares likewise cannot be aggregated to satisfy the required showing of a "dangerous probability" of monopoly power in a section 2 attempt case. See H.L. Hayden Co. v. Siemens Med. Sys., 672 F.Supp. 724, 741 (S.D.N.Y. 1987) (dismissing plaintiffs' attempted monopolization claim that relied on combining the defendants' market shares, reasoning that "there is no authority for accumulating market shares in a section 2 attempt case"), aff'd, 879 F.2d 1005, 1018 (2d Cir. 1989) ("the market shares of [the defendants] could not be aggregated to establish an attempt to monopolize in violation of Sherman Act section two . . . a plaintiff must allege the necessary market domination of a particular defendant").

According to this clear line of authority, MasterCard and Visa's market shares cannot be aggregated to satisfy the monopoly power element required for Discover's actual and attempted monopolization claims. However, relying on Consol. Gold Fields PLC v. Minorco, S.A., 871, F.2d 252, 261 (2d Cir. 1989), Discover presents an alternative basis for aggregating the two associations' market shares: that of their intertwined relationships.[2] In Gold Fields, the court aggregated the market power of the named defendants because the plaintiffs alleged that the defendants were controlled by a *single* party. Id. In fact, precisely because the plaintiffs' case was premised on the notion that the defendants were controlled by a single individual, the district court dismissed the plaintiffs' section 2 conspiracy to monopolize claim. Judge Mukasey found that the defendants could not simultaneously be mere agents of one party and also discrete independent entities for conspiracy purposes. Consol. Gold Fields, PLC v. Anglo American Corp., 698 F. Supp. 487, 502-3 (S.D.N.Y. 1988).

Here, the opposite is the case: the Court has permitted Discover's conspiracy to monopolize claim to go forward, but will not then treat the defendants as a single entity and aggregate their market share for actual and attempted monopoly

---

[2] In its opposition papers, Discover argues that "because Visa and MasterCard are owned and controlled by the same member banks, they may be treated as a single economic entity for Section 2 purposes (even in the absence of joint action)." Disc. Opp. at 38.

purposes. Accordingly, those claims are dismissed as against MasterCard. On the other hand, Discover has alleged the necessary elements of both actual and attempted monopolization against Visa. Visa's motion to dismiss those claims is therefore denied.

**SO ORDERED:**

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated: New York, New York
October 24, 2005

**CERTIFICATION**

I hereby certify that the 1st day of November, 2005, I forwarded a true copy of the within document via facsimile, 1st class mail, postage prepaid, unless otherwise indicated, to the following parties:

Richard A. Sinapi, Esq.
V. Edward Formisano, Esq.
Sinapi, Formisano & Company, Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920

Jay N. Fastow, Esq.
Bruce A. Colbath, Esq.
Denise L. Plunkett, Esq.
Weil, Gotshall & Manges, LLP
767 Fifth Avenue
New York, NY 10153

John Tarantino, Esq.
Patricia K. Rocha, Esq.
Adler Pollock & Sheehan PC
2300 Financial Plaza
Providence, RI 02903

Daniel Bookin, Esq.
Randall W. Edwards, Esq.
O'Melveny & Meyers
275 Battery Street
San Francisco, CA 94111

Brian Wallach, Esq.
Howrey Simon Arnold & White LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402

Patricia A. Sullivan, Esq.
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903

Mary C. Dunn