**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| PSW, INC., d/b/a/ PSW BILLING,<br><br>Plaintiff,<br><br>v.<br><br>VISA U.S.A. INC., MASTERCARD INTERNATIONAL, INC., FIRST FINANCIAL BANK AND FIRST DATA MERCHANT SERVICES CORP.,<br><br>Defendants. | Case No. 1:04cv347(ECT) |

# DEFENDANT VISA U.S.A. INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT


Daniel H. Bookin (*pro hac vice*)
Randall W. Edwards
Nikhil M. Shanbhag
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111-3305
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Patricia A. Sullivan (#2120)
EDWARDS ANGELL PALMER
& DODGE, LLP
2800 Financial Plaza
Providence, RI 02903
Telephone: (401) 274-9200
Facsimile: (888) 325-9067

*Attorneys for Defendant Visa U.S.A. Inc.*

Defendant Visa U.S.A. Inc. ("Visa") answers Plaintiff PSW, Inc.'s ("PSW") First Amended Complaint ("FAC") as follows:

Visa denies all allegations contained in section headings or other portions of the FAC that are not contained within the specifically numbered paragraphs of the FAC. Unless otherwise specifically noted, Visa lacks knowledge or information sufficient to admit or deny the truth of allegations concerning persons other than Visa. To the extent that the FAC contains such allegations concerning persons other than Visa, Visa denies that they support any claim for relief against Visa. Visa further objects to responding to any legal conclusions contained within the FAC.

**ANSWER TO INTRODUCTION**

1. Visa admits that PSW purported to bring this action seeking declaratory relief and compensatory, punitive, and treble damages, as well as attorney's fees, for alleged violations of the Sherman Act, the Clayton Act, the Rhode Island Antitrust Act, and the First Amendment to the United States Constitution, as well as state common-law claims for breach of contract, breach of the covenant of good faith and fair dealing, interference with contractual relations, interference with prospective economic advantage, conversion, and embezzlement. Visa denies that it has committed any wrongdoing or violation of state or federal law and further denies that plaintiff is entitled to any relief. Visa further states that by its order dated February 28, 2006, the Court dismissed eight counts of plaintiff's FAC, including all antitrust claims, the First Amendment claim, the breach of the covenant of good faith and fair dealing claim, the tortious interference with prospective economic advantage claim, the conversion claim, and the embezzlement claim.

## ANSWER TO STATEMENT OF PARTIES

2. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the FAC.

3. Visa states that it is a Delaware non-stock membership corporation with a principal place of business in San Francisco, California. Visa is a national bank card association whose members include over 13,000 financial institutions, and it is a group member of Visa International Service Association. Visa admits that it transacts business in this judicial district. To the extent the allegations of paragraph 3 of the FAC differ from this statement, Visa denies them.

4. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the FAC.

5. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the FAC.

6. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the FAC.

7. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the FAC.

## ANSWER TO STATEMENT OF JURISDICTION

8. Paragraph 8 of the FAC asserts legal conclusions to which no response is required. Visa admits that plaintiff's FAC initially sought to pursue claims raising federal questions and diversity jurisdiction. Visa further states that the court dismissed plaintiff's federal-question claims by order dated February 28, 2006. Visa does not challenge federal diversity jurisdiction over the remaining claims.

## ANSWER TO STATEMENT OF VENUE

9. Visa denies the allegations of wrongful acts and/or omissions on its part and any anticompetitive effect as a result of its conduct contained in paragraph 9 of the FAC. Visa further states that the court dismissed plaintiff's antitrust claims on February 28, 2006. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of the FAC. Visa does not contest venue in this case.

## ANSWER TO STATEMENT OF MATERIAL FACTS

10. Visa admits that it is one of the major network systems in the general-purpose payment card industry. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 of the FAC.

11. Visa is an open non-stock membership corporation owned by member financial institutions. Visa has over 13,000 members that are U.S. financial institutions. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the FAC.

12. Visa states that it conducts certain network operations as set forth in its Operating Regulations, while other activities are carried out by member institutions as contemplated by the Operating Regulations. Visa states that it operates on a not-for-profit basis in the sense that it does not pay dividends to its members. Any revenue received by Visa in excess of costs is held in reserve to meet payment obligations in the case of default by an individual member. To the extent the allegations of paragraph 12 of the FAC are inconsistent with this statement, Visa denies them. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of the FAC.

13. Visa admits that the member banks of the Visa association may function either as "issuers," "acquirers," or both. Visa further states that it neither issues payment cards to consumers nor contracts with merchants to "accept" Visa cards; individual Visa members may issue cards to cardholders that then use Visa-branded cards or "acquire" transactions on behalf of merchants that accept Visa-branded cards as a form of payment. The Visa network facilitates transactions involving Visa-branded cards by, among other things, providing its members with a system for approving and processing charges involving millions of merchants and cardholders and thousands of banks every day. To the extent the allegations of paragraph 13 of the FAC are inconsistent with these statements, Visa denies them. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the FAC.

14. Visa admits that when a customer presents a Visa card to make a purchase, the issuer typically makes the decision as to whether to authorize the transaction upon receipt of an authorization request sent by the merchant through its acquirer or acquirer's agent. The request may be sent over the Visa network. Visa further admits that in making the authorization decision, the issuer may use the criteria of whether the card is valid, whether it is over-limit, and whether it has been reported lost or stolen among other things. To the extent plaintiff's allegations are inconsistent with these admissions, Visa denies them. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the FAC.

15. Visa admits that a member of the Visa network may also be a member of the MasterCard network, and that banks that issue Visa-branded cards are not prohibited from also issuing MasterCard-branded cards. Visa admits that historically Visa had By-Law 2.10(e), which speaks for itself and was the product of separate litigation with the Department of Justice.

Visa denies the remaining allegations pertaining to it in paragraph 15 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the FAC.

16. Visa admits it has a Board of Directors constituted as provided by the Visa By-laws. To the extent inconsistent with this statement, Visa denies the remaining allegations pertaining to it in paragraph 16 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the FAC.

17. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the FAC.

18. Visa admits that, through its acquiring bank FFB, PSW engaged in transactions that utilized the network services of the Visa association. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the FAC.

19. Visa admits that PSW was a registered High-Risk Internet Payment Service Provider in the Visa system and thereby was allowed to submit sales into the Visa network on behalf of its website clients. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the FAC.

20. Visa admits that the website clients that PSW reported to FFB that were then forwarded to Visa include a substantial percentage that were adult-content websites. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the FAC.

21. Visa admits that PSW was the merchant of record within the Visa system related to transactions for its various website clients. To the extent the allegations pertaining to it

in paragraph 21 of the FAC differs from this statement, Visa denies them. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the FAC.

22. Visa denies all allegations in the first three sentences of paragraph 22 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the FAC.

23. Visa admits that FFB is a member of Visa that at times acquired transactions from PSW. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the FAC.

24. Paragraph 24 of the FAC asserts legal conclusions to which no response is required. To the extent paragraph 24 of the FAC makes factual allegations, Visa denies them.

25. Visa denies that FDMS "was duly authorized [by Visa] to act as an agent of or in conjunction with FFB." Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the FAC.

26. Visa admits the allegations of paragraph 26 of the FAC to the extent they pertain to FFB's relationship with Visa. Visa denies the allegations of paragraph 26 of the FAC to the extent they pertain to FDMS. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the FAC.

27. Visa denies the allegations pertaining to it in paragraph 27 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the FAC.

28. Visa states that the excerpted copy of the Merchant Agreement between FFB and PSW that was appended to FFB's Motion to Dismiss Plaintiff's Complaint states that it

incorporates the terms of what it calls the Operating Guide and that PSW agrees to comply with the Association Rules. To the extent the allegations in paragraph 28 of the FAC are inconsistent with this statement, Visa denies them.

29. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the FAC.

30. Visa denies the allegations pertaining to it in paragraph 30 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the FAC.

31. Visa denies the allegations pertaining to it in paragraph 31 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 of the FAC.

32. Visa denies the allegations pertaining to it in paragraph 32 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the FAC.

33. Visa denies the allegations pertaining to it in paragraph 33 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the FAC.

34. Visa denies the allegation in paragraph 34 of the FAC that Visa entered into a contract with PSW. Visa admits that PSW entered into a Merchant Agreement with its acquirer. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the FAC.

35. Visa admits that some acquiring banks contract with entities that provide processing services for payment card transactions. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the FAC.

36. Visa denies the allegations pertaining to it in paragraph 36 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 of the FAC.

37. Visa admits that PSW was not directly provided by Visa with a copy of the Visa Operating Regulations. Visa further admits that it promulgates its own By-laws and Operating Regulations applicable to member financial institutions. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 of the FAC.

38. Visa admits that it sets default interchange reimbursement fees among members. Visa further admits that for Visa transactions acquiring banks typically pay merchants the purchase price, less a small percentage called a merchant discount fee. Visa denies the remaining allegations pertaining to it in paragraph 38 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 of the FAC.

39. Visa admits the allegations pertaining to it in paragraph 39 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 of the FAC.

40. Visa denies that it issues any payment cards, whether credit cards or debit cards. Visa admits that some of its member institutions do issue Visa-branded payment cards that operate on the Visa network. Visa states that the allegations in the second sentence of

paragraph 40 of the FAC are irrelevant because the Court dismissed the antitrust claims by order of February 28, 2006. Accordingly, no response to those allegations is required, and those allegations pertaining to it are denied on that basis. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 of the FAC.

41. Visa states that the allegations in paragraph 41 of the FAC are irrelevant because the Court dismissed the antitrust claims by order of February 28, 2006. Accordingly, no response is required, and the allegations pertaining to it are denied on that basis.

42. Visa states that the allegations in paragraph 42 of the FAC are irrelevant because the Court dismissed the antitrust claims by order of February 28, 2006. Accordingly, no response is required, and the allegations pertaining to it are denied on that basis.

43. Visa states that the allegations in paragraph 43 of the FAC contain legal conclusions and are irrelevant because the Court dismissed the antitrust claims by order of February 28, 2006. Accordingly, no response is required, and the allegations pertaining to it are denied on that basis.

44. Visa admits that it sets default interchange reimbursement fees among members. Visa denies the remaining allegations pertaining to it in paragraph 44 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 of the FAC.

45. Visa denies the allegations pertaining to it of paragraph 45 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45 of the FAC.

46. Visa denies the allegations pertaining to it of paragraph 46 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 46 of the FAC.

47. Visa denies the allegations pertaining to it of paragraph 47 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 47 of the FAC.

48. Visa denies the allegations pertaining to it of paragraph 48 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 48 of the FAC.

49. Paragraph 49 of the FAC states a legal conclusion that does not require an answer. To the extent it makes factual allegations, Visa denies the allegations pertaining to it in paragraph 49 of the FAC and states that they are irrelevant to this case. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 of the FAC.

50. Visa denies the allegations in paragraph 50 of the FAC.

51. Visa states that in accordance with its bylaws and rules, transactions may be charged back from the issuer to the acquirer in situations where, among other things, the transaction was not authorized by the cardholder. Visa further states that the acquirer's action with respect to charging the merchant in the event of a chargeback is up to the acquirer and not determined by Visa. Visa denies the remaining allegations pertaining to it in paragraph 51 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 of the FAC.

52. Visa states that transactions charged back from an issuer to an acquirer pursuant to the Visa rules are known as "chargebacks." Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 of the FAC.

53. Visa denies the allegations in paragraph 53 of the FAC that the fee paid by a merchant for a chargeback is submitted to Visa or that the fee adequately reimburses Visa or its issuing members from the harm caused by chargebacks of PSW's transactions. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 of the FAC.

54. Visa admits that, for many card-present transactions, the customer's Visa card is swiped at a terminal and that the customer signs a paper receipt.

55. Visa states that it promulgates certain dispute resolution rules and some of these rules differ based on whether the merchant is a card-present merchant or a card-not-present merchant. To the extent the allegations of paragraph 55 of the FAC pertaining to it are inconsistent with this statement, Visa denies them. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 of the FAC as they relate to another party.

56. Visa admits the allegations in paragraph 56 of the FAC.

57. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the FAC.

58. Visa denies the allegations pertaining to it in paragraph 58 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58 of the FAC.

59. Visa denies the allegations pertaining to it in paragraph 59 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59 of the FAC.

60. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 of the FAC.

61. Visa denies the allegations pertaining to it in paragraph 61 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61 of the FAC.

62. Visa denies the allegations pertaining to it in paragraph 62 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62 of the FAC.

63. Visa denies the allegations pertaining to it in paragraph 63 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63 of the FAC.

64. Visa denies the allegations pertaining to it in the first sentence of paragraph 64 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64 of the FAC.

65. Visa denies the allegations pertaining to it in paragraph 65 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 65 of the FAC.

66. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 66 of the FAC.

67. Visa admits that audiotext and videotext merchants, whether or not having adult content, are designated within a merchant category code that is classified for some purposes as high risk within the Visa system. Visa otherwise denies the allegations pertaining to it in paragraph 67 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 67 of the FAC.

68. Visa denies the allegations pertaining to it in paragraph 68 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68 of the FAC.

69. Visa admits it has established chargeback monitoring programs and that Visa communicates with acquiring members about the members' merchants that have chargeback performance above program thresholds. Visa otherwise denies the allegations pertaining to it in paragraph 69 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 69 of the FAC.

70. Visa denies the allegations pertaining to it in paragraph 70 of the FAC except to state that some chargeback program fees may be assessed on acquirers. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70 of the FAC.

71. Visa admits that it has the power to disqualify a merchant from its network but denies that it did so in the case of PSW. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71 of the FAC.

72. Visa denies the allegations pertaining to it in paragraph 72 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72 of the FAC.

73. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 73 of the FAC. Visa admits its High Risk Merchant Chargeback Monitoring Program provides for the assessment of fees on acquirers in some circumstances. To the extent the allegations of paragraph 73 of the FAC are inconsistent with this admission, Visa denies them.

74. Visa denies the allegations pertaining to it in paragraph 74 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 74 of the FAC.

75. Visa admits that sometimes chargebacks may arise in the absence of fraud. Visa denies all other allegations of paragraph 75 of the FAC that pertain to it. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the FAC to the extent they pertain to another party.

76. Visa admits that chargebacks occur after charges initially are made. Visa otherwise denies the allegations pertaining to it in paragraph 76 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 76 of the FAC.

77. Visa denies the allegations in paragraph 77 of the FAC.

78. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the FAC.

79. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the FAC.

80. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the FAC.

81. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the FAC.

82. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the FAC.

83. Visa denies the allegations pertaining to it in the first sentence of paragraph 83 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83 of the FAC.

84. Visa denies the allegations pertaining to it in paragraph 84 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 84 of the FAC.

85. Visa denies the allegations pertaining to it in paragraph 85 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 85 of the FAC.

86. Visa denies the allegations pertaining to it in paragraph 86 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 86 of the FAC.

87. Visa denies the allegations pertaining to it in paragraph 87 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 87 of the FAC.

88. Visa denies the allegations pertaining to it in the first sentence of paragraph 88 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 88 of the FAC.

89. Visa denies the allegations pertaining to it in paragraph 89 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 89 of the FAC.

90. Visa denies the allegations pertaining to it in paragraph 90 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 90 of the FAC.

91. Visa denies the allegations pertaining to it in paragraph 91 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 91 of the FAC.

92. Visa states that the allegations in paragraph 92 of the FAC contain legal conclusions and are irrelevant because the Court dismissed the antitrust claims by order of February 28, 2006. Accordingly, no response is required. To the extent any response is required, Visa denies the allegations pertaining to it in paragraph 92 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 92 of the FAC. With regard to the allegations in the subparagraphs:

a. Visa denies the allegations pertaining to it in paragraph 92a of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 92a of the FAC.

b. Visa denies the allegations pertaining to it in paragraph 92b of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 92b of the FAC.

c. Visa admits that Visa International has rules governing non-U.S. members' acquisition of transactions from U.S. merchants. Visa denies that such rules have had or do have any anti-competitive effect. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 92c of the FAC.

d. Visa admits that historically Visa had By-Law 2.10(e), which speaks for itself and was the product of separate litigation with the Department of Justice. To the extent contrary to this statement, Visa denies the allegations pertaining to it in paragraph 92d of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 92d of the FAC.

e. Visa denies the allegations pertaining to it in paragraph 92e of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 92e of the FAC.

93. Visa states that the allegations in paragraph 93 of the FAC are irrelevant in light of the Court's order dismissing the antitrust claim on February 28, 2006. To the extent any response is required, Visa denies the allegations pertaining to it in paragraph 93 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93 of the FAC.

94. Visa states that the allegations in paragraph 94 of the FAC are irrelevant in light of the Court's order dismissing the antitrust claim on February 28, 2006. In addition, Visa denies the allegations pertaining to it in paragraph 94 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 94 of the FAC.

95. Visa states that the allegations in paragraph 95 of the FAC are irrelevant in light of the Court's order dismissing the antitrust claim on February 28, 2006. In addition, Visa denies the allegations pertaining to it in paragraph 95 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 95 of the FAC.

96. Visa states that the allegations in paragraph 96 of the FAC are irrelevant in light of the Court's order dismissing the antitrust claim on February 28, 2006. In addition, Visa

denies the allegations pertaining to it in paragraph 96 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 96 of the FAC.

97. Visa states that the allegations in paragraph 97 of the FAC are irrelevant in light of the Court's order dismissing the antitrust claim on February 28, 2006. In addition, Visa denies the allegations pertaining to it in paragraph 97 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 97 of the FAC.

98. Visa states that the allegations in paragraph 98 of the FAC are irrelevant in light of the Court's order dismissing the antitrust claim on February 28, 2006. In addition, Visa denies the allegations pertaining to it in paragraph 98 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 98 of the FAC.

99. Visa states that the allegations in paragraph 99 of the FAC are irrelevant in light of the Court's order dismissing the antitrust claim on February 28, 2006. In addition, Visa denies the allegations pertaining to it in paragraph 99 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 99 of the FAC.

100. Visa states that the allegations in paragraph 100 of the FAC are irrelevant in light of the Court's order dismissing the antitrust claim on February 28, 2006. In addition, Visa denies the allegations in paragraph 100 of the FAC.

101. Visa states that the allegations in paragraph 101 of the FAC are irrelevant in light of the Court's order dismissing the antitrust claim on February 28, 2006. In addition, Visa denies the allegations in paragraph 101 of the FAC.

102. Visa states that the allegations in paragraph 102 of the FAC are irrelevant in light of the Court's order dismissing the antitrust claim on February 28, 2006. In addition, Visa denies the allegations in paragraph 102 of the FAC.

103. Visa states that the allegations in paragraph 103 of the FAC are irrelevant in light of the Court's order dismissing the antitrust claim on February 28, 2006. In addition, Visa denies the allegations in paragraph 103 of the FAC.

104. Visa denies that PSW ever entered into a Merchant Agreement with Visa. Visa states that according to the copy of the Merchant Agreement appended to FFB and FDMS's motion to dismiss plaintiff's complaint, PSW entered into the Merchant Agreement with FFB and FDMS. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 104 of the FAC.

105. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the FAC.

106. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the FAC.

107. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the FAC.

108. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the FAC.

109. Visa denies the allegations pertaining to it in paragraph 109 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 109 of the FAC.

110. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the FAC.

111. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the FAC.

112. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the FAC.

113. Visa denies the allegations in the first sentence of paragraph 113 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 113 of the FAC.

114. Visa denies the allegations in paragraph 114 of the FAC.

115. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the FAC.

116. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the FAC.

117. Visa states that it appears from information received from FFB that PSW began to do business with a company referred to as SoftSell, but Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 117 of the FAC.

118. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the FAC.

119. Visa admits that starting in May 2003, transaction volume attributed to PSW increased, but Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 119 of the FAC.

120. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the FAC.

121. Visa states that it understands that in approximately May 2003 PSW apparently began to use the merchant descriptor PSWHEALTH.COM and the merchant identification number 235998600120001. Visa denies the remaining allegations in paragraph 121 of the FAC.

122. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the FAC.

123. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the FAC.

124. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the FAC.

125. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the FAC.

126. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the FAC.

127. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the FAC.

128. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the FAC.

129. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 of the FAC.

130. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the FAC.

131. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 of the FAC.

132. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 of the FAC.

133. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 of the FAC.

134. Visa admits that in approximately May 2003, it promulgated a new Operating Regulation that permitted it to classify a merchant under the High-Risk Merchant Chargeback Monitoring Program regardless of merchant category code if Visa determines that the merchant's activities may cause undue harm to the goodwill of the Visa system, but Visa denies that it did so with respect to PSW. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 134 of the FAC.

135. Visa denies the allegations in the last sentence of paragraph 135 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 135 of the FAC.

136. Visa denies the allegations pertaining to it in paragraph 136 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 136 of the FAC.

137. Visa admits that its records reflect that PSW had 9,943 transactions and 429 chargebacks in the Visa system in June 2003. Visa denies the second sentence in paragraph 137 of the FAC.

138. Visa states that PSW provided it with a letter dated June 10, 2003 addressed to PSW from FFB and FDMS, but Visa does not admit the truth of the contents of the letter. Visa admits that it never assessed a $425,000 IPSP-related fee against FFB related to PSW in 2003. Visa otherwise denies the allegations pertaining to it in paragraph 138 of the FAC.

139. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the FAC.

140. Visa denies the allegations pertaining to it in paragraph 140 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 140 of the FAC.

141. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the FAC.

142. Visa denies the allegations pertaining to it in the first sentence of paragraph 142 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 142 of the FAC.

143. Paragraph 143 of the FAC presents conclusions, not factual allegations, and does not require an answer. To the extent it presents factual allegations, Visa denies the allegations pertaining to it in paragraph 143 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 143 of the FAC.

144. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the FAC.

145. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 145 of the FAC.

146. Visa denies the allegations in paragraph 146 of the FAC.

147. Visa admits that PSW sent a letter to Visa International in September 2003. Visa denies the remaining allegations of paragraph 147 of the FAC (as well as those asserted in the referenced "writing") and denies that it committed any wrongdoing or violated any law.

148. Visa denies the allegations pertaining to it in paragraph 148 of the FAC (including those asserted in the referenced letter). Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 148 of the FAC.

149. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 149 of the FAC.

150. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 of the FAC.

151. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 of the FAC.

152. Visa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 of the FAC.

153. Visa denies the allegations pertaining to it in paragraph 153 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 153 of the FAC.

154. Visa denies the allegations pertaining to it in paragraph 154 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 154 of the FAC.

155-164. Visa states that the allegations in paragraphs 155-164 of the FAC contain legal conclusions and are irrelevant because the Court dismissed the antitrust claims by order of February 28, 2006. Accordingly, no response is required. To the extent any factual response is required, Visa states that the *United States v. Visa* decision speaks for itself, and it generally denies the remaining allegations pertaining to it in these paragraphs of the FAC.

165-172. Visa states that the allegations in paragraphs 165-172 of the FAC contain legal conclusions and are irrelevant because the Court dismissed the First Amendment claim by order of February 28, 2006. Accordingly, no response is required. To the extent any factual response is required, Visa generally denies the allegations pertaining to it in these paragraphs of the FAC.

173. Visa denies the allegations pertaining to it in paragraph 173 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 173 of the FAC.

174. Visa denies the allegations pertaining to it in paragraph 174 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 174 of the FAC.

175. Visa denies the allegations pertaining to it in paragraph 175 of the FAC. Visa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 175 of the FAC.

176. Because the Court dismissed plaintiff's breach of the covenant of good faith and fair dealing claims by order of February 28, 2006, Visa states that the allegations in paragraph 176 of the FAC and subparagraphs are irrelevant and denied on that basis.

177. Visa denies the allegations of paragraph 177 of the FAC.

178. Visa denies the allegations of paragraph 178 of the FAC.

179. Visa denies the allegations of paragraph 179 of the FAC.

**ANSWER TO CLAIMS FOR RELIEF**

180. Visa incorporates its answers to the allegations contained in paragraphs 1-179 of the FAC in its answer to paragraphs 185, 187, and 188 of the FAC below as if set forth herein in full.

181. Because the Court dismissed plaintiff's Sherman Act § 1 claim by order of February 28, 2006, Visa states that the allegations in paragraph 181 of the FAC are irrelevant and denied on that basis.

182. Because the Court dismissed plaintiff's Sherman Act § 2 claim by order of February 28, 2006, Visa states that the allegations in paragraph 182 of the FAC are irrelevant and denied on that basis.

183. Because the Court dismissed plaintiff's Rhode Island Antitrust Act claim by order of February 28, 2006, Visa states that the allegations in paragraph 183 of the FAC are irrelevant and denied on that basis.

184. Because the Court dismissed plaintiff's First Amendment claim by order of February 28, 2006, Visa states that the allegations in paragraph 184 of the FAC are irrelevant and denied on that basis.

185. Visa denies the allegations pertaining to it in paragraph 185 of the FAC.

186. Because the Court dismissed plaintiff's breach of the covenant of good faith and fair dealing claim by order of February 28, 2006, Visa states that the allegations in paragraph 186 of the FAC are irrelevant and denied on that basis.

187. Visa denies the allegations pertaining to it in paragraph 187 of the FAC.

188. Visa denies the allegations pertaining to it in paragraph 188 of the FAC.

189. Because the Court dismissed plaintiff's tortious interference with prospective economic advantage claim by order of February 28, 2006, Visa states that the allegations in paragraph 189 of the FAC are irrelevant and denied on that basis.

190. Because the Court dismissed plaintiff's conversion claim by order of February 28, 2006, Visa states that the allegations in paragraph 190 of the FAC are irrelevant and denied on that basis.

191. Because the Court dismissed plaintiff's embezzlement claim by order of February 28, 2006, Visa states that the allegations in paragraph 191 of the FAC are irrelevant and denied on that basis.

**ANSWER TO PRAYERS FOR RELIEF**

Visa admits that plaintiff purports to seek the relief identified in the Prayers for Relief, but denies that plaintiff is entitled to any relief whatsoever. Visa prays that plaintiff take nothing on the basis of its FAC and judgment be granted to Visa in full.

**AFFIRMATIVE AND/OR ADDITIONAL DEFENSES**

Without assuming the burden of proof where it rests with plaintiff, Visa alleges the following as affirmative and/or additional defenses to the FAC and to the remaining claims.

**First Affirmative and/or Additional Defense**

Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

**Second Affirmative and/or Additional Defense**

Plaintiff's claims are barred, in whole or in part, because of ratification, agreement, voluntary payment, assent, acquiescence, or consent.

**Third Affirmative and/or Additional Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, or waiver.

**Fourth Affirmative and/or Additional Defense**

Plaintiff's claims are barred, in whole or in part, by the failure of plaintiff to exercise reasonable efforts to avoid, minimize, or mitigate the alleged injury purportedly suffered.

**Fifth Affirmative and/or Additional Defense**

Plaintiff's claims are barred, in whole or in part, because Visa is not a party to the Merchant Agreement nor in privity with PSW on that agreement.

**Sixth Affirmative and/or Additional Defense**

Plaintiff's claims are barred, in whole or in part, because any asserted injury was not proximately caused by Visa.

**Seventh Affirmative and/or Additional Defense**

Plaintiff's claims are barred, in whole or in part, because Visa acted reasonably and in good faith, and employed lawful, proper, justified and privileged means to accomplish legitimate business objectives in advancement of its financial interest.

**Eighth Affirmative and/or Additional Defense**

Plaintiff's claims are barred, in whole or in part, because any asserted chargeback "fines and penalties" allegedly paid by plaintiff were paid to its acquiring bank, not Visa.

**Ninth Affirmative and/or Additional Defense**

Plaintiff's claims are barred, in whole or in part, by the express terms of the alleged contractual agreements challenged by plaintiff.

**Tenth Affirmative and/or Additional Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**Eleventh Affirmative and/or Additional Defense**

Plaintiff's claims are barred, in whole or in part, because plaintiff acted in breach of the Merchant Agreement.

WHEREFORE, Visa U.S.A. Inc. prays for judgment in favor of Visa and against plaintiff on each and every remaining cause of action, that the FAC be dismissed with prejudice as to Visa, with costs and disbursements to Visa, and seeks such other legal and equitable relief, including an award of attorney fees, as the Court may deem just and proper.

Dated: March 22, 2006

Respectfully submitted,

Patricia A. Sullivan (#2120)
EDWARDS ANGELL PALMER & DODGE, LLP
2800 Financial Plaza
Providence, RI 02903

Daniel H. Bookin (*pro hac vice*)
Randall W. Edwards
Nikhil M. Shanbhag
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111-3305

ATTORNEYS FOR VISA U.S.A. INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2006, a true and correct copy of the Answer of Visa U.S.A. Inc.'s to Plaintiff's First Amended Complaint was sent via facsimile and first-class mail, postage prepaid to the following parties:

Richard A. Sinapi, Esq.
V. Edward Formisano, Esq.
Sinapi Formisano & Company, Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920-5707

Jay Fastow, Esq.
Bruce Colbath, Esq.
Denise Plunkett, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Joseph V. Cavanagh, Esq.
Blish & Cavanagh, LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903-1765

David Paul Steiner, Esq.
David Steiner & Associates
1925 Century Park East, Suite 2350
Los Angeles, CA 90067

Brian Wallach, Esq.
Howrey Simon Arnold & White
1299 Pennsylvania Avenue, NW
Washington, DC 30004

John A. Tarantino, Esq.
Patricia K. Rocha, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza
Providence, RI 02903

Patricia A. Sullivan #2120
*Attorney for Defendant Visa U.S.A., Inc.*